UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| HALTON FLOWERS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:10 CV 64 |
| INDIANA STATE PRISON, and STATE OF INDIANA, | ) |
| Defendants. | ) |

## OPINION and ORDER

Halton Flowers, a *pro se* prisoner, submitted a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Flowers alleges that the defendants lost the property that he had while he was housed at the Indiana State Prison and have refused to replace it. Though the Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law", a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). Indiana's tort claims act (INDIANA CODE § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Flowers states that he filed a tort claim notice that was denied, but he does not say that he has filed suit in a State court in Indiana. Because the State courts will provide him with a forum to obtain redress for his loss, he has not been denied due process and does not state a claim for a violation of the Fourteenth Amendment.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. 1915A.

**SO ORDERED.**

Date: September 9, 2010

                                                     <u>s/James T. Moody</u>
                                                     JUDGE JAMES T. MOODY
                                                     UNITED STATES DISTRICT COURT